IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>JOSHUA WHISNEANT,<br><br>        Defendant. | No. 1:19-CR-86 (MJT) |

**REPORT AND RECOMMENDATION DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On July 2, 2020, the Defendant, Joshua Whisneant's, counsel filed a *Petition for Writ of Habeas Corpus* (Dkt. #56), which the court construes as a motion seeking compassionate release. Whisneant contends that he is entitled to a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the risks associated with COVID-19. On September 15, 2022, the Government filed a response arguing against the Defendant's release. (Dkt. #62.) On October 19, 2023, this matter was referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. (Dkt. #65); *see also United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59. Having considered the pending motion, the Government's Response, the record, and the applicable law, the undersigned recommends denying the Defendant's motion as moot.

I.

On September 10, 2019, Whisneant pled guilty to Count One of the Indictment charging him with a violation of 26 U.S.C. § 5861(e) (Transfer of a Firearm in Violation of the National Firearms Act). (Dkt. #18.) On January 29, 2020, Judge Heartfield sentenced Whisneant to forty

1

months' imprisonment, followed by three years' supervised release. (Doc. #49.) In the two-page motion, Whisneant seeks compassionate release from imprisonment alleging that he has medical conditions that constitute an extraordinary and compelling reason justifying his release. (Doc. No. 138.) The Government responds that: 1. Whisneant has been fully vaccinated; 2. he does not establish extraordinary and compelling reasons; and 3. the 18 U.S.C. § 5583(a) factors do not warrant release.

## II.

United States Probation Officer, Hunter Eppes, advised the court that Whisneant completed his term of imprisonment and began serving his term of supervised released on August 24, 2022. Accordingly, the undersigned recommends denying Whisneant's motion as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(B). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge